STATE OF MAINE
PENOBSCOT, SS.

FILED & ENTERED
SUPERIOR COURT

OCT 18 2004

PENOBSCOT COUNTY

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-03-444
TLD -PEN - 10/18/2004

STATE OF MAINE

v.

ROBERT A. CLARK,

Defendant

**DECISION AND ORDER
ON MOTION TO AMEND
CONDITIONS OF PROBATION**

OCT 26 2004

On March 17, 2004, the defendant was convicted upon pleas of guilty to a single count of unlawful sexual contact. Pursuant to a plea agreement he was sentenced to five years at the Department of Corrections with all but five months suspended to be followed by four years of probation.

In addition to several of the standard and routine conditions applicable to most probationers, the court imposed several special conditions, *inter alia*:

> No unsupervised contact with minors outside his immediate family. Supervising person to be approved by probation officer in writing. Abide by DHS restrictions regarding his family members. General counselling as well as sex offender counselling if counsellor and defendant agree to that form of counselling.

*See* Conditions of Probation.[1]

The State has now moved to amend the conditions pursuant to 17-A M.R.S.A. § 1202(2). Specifically, defendant's probation officer requests a modification of existing conditions as follows:

1.    No unsupervised contact with persons under 18 years of age. Person to supervise contact with minors to be approved by probation officer.

2.    No contact with probationer's children without the approval of the probation officer and DHHS.

---

[1]   Various conditions of probation as "reasonable and appropriate" are authorized by 17-A M.R.S.A. § 1204.

3.	Participate in counselling as directed by probation officer, to include sex offender and psychological counselling and to sign all releases as required, for supervision of probation.

The first two proposed amendments represent only a minor change from the conditions originally imposed by the court. The third proposed amendment transfers the designation of the form and type of counselling from the defendant and his counsellor to the sole direction of the probation officer. The defendant objects.

Clark's objection is primarily premised on the fact that counselling, as designated by his probation officer, will set him up for failure because of the requirement that he admit to his offenses and the sexual contact to which he pleaded guilty. Notwithstanding his guilty plea, Clark has steadfastly and consistently denied any sexual or inappropriate conduct.

At the hearing on the motion, the court was informed that the plea agreement under which Clark entered his plea, not only set the charge, class of crime, and sentence, but included case specific language negotiated and drafted by counsel regarding counseling, rather than relying upon the usual or commonly used conditions that place full authority to specify counselling within the discretion of the probation officer.[2]

The Maine Criminal Code authorizes modifications to the conditions of probation "to protect the safety of an individual or the public." 17-A M.R.S.A. § 1202(2). In some circumstances a Motion to Amend Conditions of Probation may even be made on an *ex parte* basis. It is appropriate to allow such amendments to meet the needs of a probationer, to address changing circumstances and to account for issues or situations

---

[2] Condition 16 of the usual conditions of probation (paragraph 16 of criminal form CR-122, revised 10/03) states: "You shall complete . . . counselling and treatment . . . as directed by your probation officer for . . . (sexual offender) . . . issues and sign any releases requested by your probation officer."

that could not be reasonably anticipated at the time of sentence. This case, however, presents a different situation. Defendant's plea was entered only after negotiation for specific terms of probation. Even though it is rather unusual for the State to cede its discretionary and supervisory authority as it did here, the State cannot now change the rules because the prosecution agreed to specific conditions that it now discovers diminishes the probation officer's opportunity to direct certain forms of counselling. To obtain the defendant's plea, the State agreed to recommend, and did recommend, a specific sentence. Without that agreement the court understands the defendant would not have entered a plea and he undoubtedly would have faced trial on all of the original charges with the risk of conviction on more serious matters. Each side made concessions and each received some benefit.

Our Law Court recently held that "[p]lea agreements are contracts and contract principles apply when interpreting them." *State v. Murphy*, 2004 ME 118, ¶ 8, -- A.2d -- (internal citations omitted). The application of contract law to plea agreements is premised on the notion that the negotiated guilty plea represents a bargained for *quid pro quo*. *Id.* ¶ 10, citing *United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988).

> When interpreting a contract, courts "effect the parties' intentions . . . construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished." The entire agreement or contract is examined, and language is given it's plain meaning.

*Murphy*, 2004 ME 118, ¶ 9, citing *Handy Boat Serv. Inc. v. Prof'l Servs. Inc.*, 1998 ME 134, ¶ 7, 711 A.2d 1306, 1308, and *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶¶ 12-13, 814 A.2d 989, 993-94.

In *State v. Shorette*, the Law Court stated:

3

> Plea bargaining securing to the State the entry of a plea of guilty or nolo contendere on the part of the accused is a serious and sobering occasion for criminal defendants inasmuch as it effects a waiver of the fundamental rights to a jury trial and all related constitutional privileges in connection therewith.

*Shorette*, 402 A.2d 450, 459 (Me. 1979).

Because the defendant's plea was based upon specific negotiated terms and conditions of probations, an amendment that is more than administrative or ministerial cannot be permitted without the defendant's consent or without providing him an opportunity to withdraw his plea as an alternative. *See Murphy*, 2004 ME 118, ¶ 6, M.R. Crim. P. 11A(e), and *Shorette* 402 A.2d at 460.

The clerk will make the following entry as the Decision and Order of the court:

> State's Motion to Amend the Conditions of Probation is denied.

So Ordered.

DATED: October 15, 2004

_____
Thomas E. Delahanty II
Justice, Superior Court

4

ATTORNEY FOR THE STATE

MICHAEL ROBERTS, DEPUTY DISTRICT ATTORNEY
OFFICE OF THE DISTRICT ATTORNEY
97 HAMMOND STREET
BANGOR   ME   04401


ATTORNEY FOR THE DEFENDANT

STEPHEN SMITH ESQ
28 MAIN ST SUITE 1
BANGOR   ME   04401